IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

IN RE INTEREST OF MALIK T.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE INTEREST OF MALIK T., A CHILD UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE,

V.

MALIK T., APPELLANT.

Filed October 27, 2015.    No. A-15-229.

Appeal from the Separate Juvenile Court of Douglas County: WADIE THOMAS, Judge. Affirmed.

Chinazo Christopher Odigbo for appellant.

Donald W. Kleine, Douglas County Attorney, Paulette Merrell, and Jocelyn Brasher, Senior Certified Law Student, for appellee.

PIRTLE, RIEDMANN, and BISHOP, Judges.

PIRTLE, Judge.

INTRODUCTION

Malik T. appeals his adjudication under Neb. Rev. Stat. § 43-247(2) (Reissue 2008) in the separate juvenile court for Douglas County. Malik alleges that there was insufficient evidence to support the juvenile court's determination that he committed the offense of attempted robbery. Because we conclude that the evidence is sufficient to establish beyond a reasonable doubt that Malik committed attempted robbery, we affirm.

- 1 -

BACKGROUND

On October 31, 2014, the State filed a petition requesting that Malik, who was 16 years old at the time, be adjudicated as a child within the meaning of § 43-247(2). The petition alleged that Malik had committed attempted robbery, a Class III felony. Specifically, the petition alleged that on October 30, 2014, Malik attempted to forcibly, and by violence, or by putting in fear, take from the victim, Damon Ennis, money or personal property with the intent to steal. Section 43-247(2) gives the juvenile court jurisdiction over any juvenile who has committed an act which would constitute a felony under the laws of this state. Malik entered a plea of denial and an adjudication hearing was held.

The victim, Damon Ennis, testified that on October 30, 2014, around 6:30 p.m. or 7 p.m., he had just finished jogging and was walking on the sidewalk when he was approached by "four black males" who attempted to rob him at gunpoint. Ennis testified that the four males came up behind him and one of them requested a cigarette, to which he responded that he did not have any and kept walking. Ennis testified that one of the individuals then approached him from the side and had a gun. He testified that at that point he realized he was surrounded by four individuals--one on his side with a gun and three others behind him. All of them were standing within a few feet of Ennis. The individual with the gun said that the group had "more than one heater," which Ennis understood to mean the group had more than one gun. He did not see any other guns. Ennis testified that the individual holding the gun said to him "Give me all you got," or "What you got?" Ennis assessed the situation and tried to figure out what to do. He stated that his plan was to grab one of the individuals and throw him in the way of the gunshot and then Ennis would have a chance to run away. Ennis testified that a car then came around the corner and one of the men pointed out the car was coming and all four men took off running. Ennis stated that these events all happened in about two minutes.

In regard to Malik specifically, Ennis testified that Malik was not the individual with the gun, and that he did not say anything. Ennis testified that Malik approached him in a threatening way because he was standing within three feet of him and was with the others who were trying to rob him at gunpoint. Ennis stated that based on the actions of the four individuals, including Malik, they were all together as a group. Ennis also testified that when the car came, Malik ran away with the other individuals.

Ennis testified that after the four men ran off, he called the police from his cell phone and police officers arrived within minutes. He told the officers what had happened and they notified other officers in the area to look for the group of males Ennis described. Other police officers quickly located four males nearby. Ennis then went with the officers who had responded to his call to the location where the four males were found to see if he could identify them. Ennis identified the four individuals as the men who tried to rob him. The officers also showed Ennis a gun they had located and Ennis identified it as the same gun one of the individuals had pointed at him.

Omaha Police Officer Scott Richter testified that during the evening of October 30, 2014, he was dispatched to investigate a robbery that had just occurred. He testified that he arrived at Ennis' location within a minute or two. After Ennis told him what had happened, he put out a broadcast with a description of the suspects. Richter testified that other officers responded to the

broadcast and advised that they had detained several individuals who were possibly involved. He then brought Ennis to the location where the parties were detained and conducted a "show-up" of the detained individuals one at a time and Ennis advised that each of the four individuals were involved in the incident. Richter also testified that a weapon was located in the vicinity where the individuals were found.

Omaha Police Officer Mike Sundermeier testified that he heard the robbery broadcast and started looking in the area for suspects. Sundermeier testified that he saw a group of four individual who matched the description of the suspects. He stopped the individuals and Ennis subsequently identified them as suspects in the robbery. Sundermeier testified that a weapon, a BB gun, was found about 40 feet from where the individuals were stopped. One of the individuals subsequently admitted to having the gun.

Following the hearing, the juvenile court entered an order finding beyond a reasonable doubt that Malik had committed the offense of attempted robbery and adjudicating him under § 43-247(2).

## ASSIGNMENT OF ERROR

Malik assigns that there was insufficient evidence to support the juvenile court's finding that he committed the offense of attempted robbery.

## STANDARD OF REVIEW

Juvenile cases are reviewed de novo on the record, and an appellate court is required to reach a conclusion independent of the juvenile court's findings. *In re Interest of Karlie D.,* 283 Neb. 581, 811 N.W.2d 214 (2012). However, when the evidence is in conflict, an appellate court may consider and give weight to the fact that the trial court observed the witnesses and accepted one version of the facts over the other. *Id.*

## ANALYSIS

Malik assigns that the juvenile court erred in finding that the evidence was sufficient to prove that he committed attempted robbery. He specifically argues that the State failed to prove that he intended to commit the crime of attempted robbery, or that he took a substantial step toward committing the crime. We find that the evidence was sufficient to find that Malik committed the offense of attempted robbery. Under Neb. Rev. Stat. § 28-324 (1) (Reissue 2008), "[a] person commits robbery if, with the intent to steal, he forcibly and by violence, or by putting in fear, takes from the person of another any money or personal property of any value whatever." Pursuant to Neb. Rev. Stat. § 28-201(1) (Cum. Supp. 2014), a person is guilty of an attempt to commit a crime if he or she:

(a) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as he or she believes them to be; or

(b) Intentionally engages in conduct which, under the circumstances as he or she believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his or her commission of the crime.

(2) When causing a particular result is an element of the crime, a person shall be guilty of an attempt to commit the crime if, acting with the state of mind required to

establish liability with respect to the attendant circumstances specified in the definition of the crime, he or she intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.

(3) Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent.

Malik's argument that there was insufficient evidence to support a finding that he committed attempted robbery focuses on Ennis' testimony that Malik did not say anything to him or the others during the incident and was not the individual holding the gun. Although Malik was not the individual with the gun or the one making verbal demands to Ennis, the juvenile court could find that Malik committed the crime of attempted robbery as the principal offender or as an aider or abettor. Under Neb. Rev. Stat. § 28-206 (Reissue 2008), "[a] person who aids, abets, procures, or causes another to commit any offense may be prosecuted and punished as if he were the principal offender."

An information charging a defendant with a specific crime gives the defendant adequate notice that he or she may be prosecuted for the crime specified or as having aided and abetted the commission of the crime specified. *State v. Kitt*, 284 Neb. 611, 823 N.W.2d 175 (2012). The Nebraska Supreme Court has also stated that one can be convicted of aiding and abetting an attempted crime. *Id.* Although this case involved an adjudication in juvenile court rather than a criminal proceeding, we take guidance from the criminal laws of this state. *In re Interest of Adrian B.*, 11 Neb. App. 656, 658 N.W.2d 722 (2003).

Section 28-206 does not define aiding and abetting as a separate crime. *State v. Kitt, supra.* The Nebraska Supreme Court has stated that "aiding and abetting is simply another basis for holding one liable for the underlying crime." *Id.*, quoting *State v. Dixon*, 282 Neb. 274, 295, 802 N.W.2d 866, 886 (2011). By its terms, § 28-206 provides that a person who aids or abets may be prosecuted and punished as if he or she were the principal offender. *State v. Kitt, supra.* The Supreme Court has stated that aiding and abetting requires some participation in a criminal act and must be evidenced by some word, act, or deed. *Id.* No particular acts are necessary, nor is it necessary that the defendant take physical part in the commission of the crime or that there was an express agreement to commit the crime. *Id.* Mere encouragement or assistance is sufficient. *Id.*

Ennis' testimony indicated that four individuals came up behind him as a group. They all stood together while one of them pointed a gun at Ennis and demanded his personal property. When a car came, all four individuals ran off together and were found together a short time later.

Ennis identified Malik as one the individuals who approached him and stood within a few feet of him at the same time as the individual holding the gun with the two others. Ennis testified that Malik approached him in a threatening way by standing close to him with an individual Malik was associated with who was making demands at gunpoint. Ennis stated that based on the actions of the four individuals, including Malik, they were acting together as a group. Although Malik did not display a gun or say anything, he assisted in the attempt to rob Ennis by helping surround Ennis while the individual with the gun demanded his personal property. His actions indicated he was part of the group and that he was participating in the crime. The evidence was

sufficient to support the juvenile court's finding that Malik committed the offense of attempted robbery.

CONCLUSION

Based upon our de novo review, we conclude that the State adduced sufficient evidence to support the adjudication. Accordingly, the order of the juvenile court is affirmed.

AFFIRMED.